Keren Tamali Sita
25 Franklin Street, Unit 203
Essex Junction, 05452
818-278-0937

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2025 JAN 21 PM 1:01

BY _____CDC_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| KEREN SITA, | Case No.: 2:24-cv-00386-gwc |
| Plaintiff, | |
| vs. | MOTION FOR PRELIMINARY INJUNCTION TO REMOVE NO-TRESPASS ORDER |
| COMMUNITY HEALTH CENTERS OF BURLINGTON | |
| JULIA ZDANOWICZ, PMHNP-BC | |
| Defendant | |

COMES NOW Plaintiff, Keren Tamali Sita, residing at 25 Franklin Street, Unit 203, Essex Junction, Vermont, proceeding pro se, and respectfully moves this Honorable Court to issue a preliminary injunction ordering Defendants to immediately dismiss the no-trespass order issued against Plaintiff. The trespass order is discriminatory, racially motivated, and unlawful under Vermont and federal law.

## FACTUAL BACKGROUND

1. Plaintiff has been a long-standing patient of Community Health Centers of Burlington (CHCB) since childhood, utilizing its services under Medicaid to receive affordable and essential healthcare.

2. Plaintiff is a Medicaid patient, and CHCB is one of the few healthcare providers in the state of Vermont equipped to provide the necessary medical and dental services Plaintiff requires.

3. Plaintiff suffers from severe dental issues that require urgent attention and treatment, which cannot be reasonably accessed elsewhere due to limited providers serving Medicaid patients in Vermont.

4. Despite Plaintiff's history of positive interactions with CHCB during her youth, Defendants' treatment of Plaintiff drastically changed as she matured into an attractive, confident Black woman.

5. Plaintiff alleges that Defendant Julia Zdanowicz, PMHNP-BC, issued the no-trespass order based on discriminatory and racially motivated biases, falsely portraying Plaintiff as disruptive during a routine medical consultation.

6. The trespass order has prevented Plaintiff from accessing critical healthcare services and is particularly harmful given the scarcity of Medicaid-serving providers in the state.

7. Plaintiff has a right to non-discriminatory and equitable treatment under Vermont law, including 9 V.S.A. § 4502 (prohibiting discrimination in public accommodations) and 18 V.S.A. § 1852 (Vermont Patient Bill of Rights).

MOTION FOR PRELIMINARY INJUNCTION TO REMOVE NO-TRESPASS ORDER - 1

8. Defendants' actions in issuing the no-trespass order violate these legal protections and disproportionately harm Plaintiff based on her race, gender, and socioeconomic status.

## LEGAL STANDARD

To obtain a preliminary injunction, Plaintiff must demonstrate:

1. A likelihood of success on the merits;

2. Irreparable harm if the injunction is not granted;

3. That the balance of equities tips in her favor; and

4. That an injunction is in the public interest.

These apply under the legal standing and precedent found in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

## ARGUMENT

1. Plaintiff is Likely to Succeed on the Merits.

Defendants' issuance of the no-trespass order violates Vermont's anti-discrimination statutes (9 V.S.A. § 4502) and the Vermont Patient Bill of Rights (18 V.S.A. § 1852), which guarantee access to healthcare services without discrimination based on race or other protected characteristics. The discriminatory and baseless nature of the no-trespass order demonstrates clear violations of Plaintiff's legal rights.

2. Plaintiff Will Suffer Irreparable Harm Without an Injunction.

The trespass order denies Plaintiff access to necessary healthcare services, including treatment for severe dental issues that cannot be delayed without causing significant pain, suffering, and long-term health consequences. No adequate remedy at law exists to compensate Plaintiff for this harm, making injunctive relief essential.

3. The Balance of Equities Favors Plaintiff.

Defendants will suffer no undue hardship from removing the trespass order and allowing Plaintiff to access healthcare services. In contrast, Plaintiff faces irreparable harm to her health and well-being if denied critical medical care.

4. An Injunction is in the Public Interest.

Issuing an injunction serves the public interest by enforcing anti-discrimination laws and ensuring that Medicaid patients have equitable access to essential healthcare services. Allowing discriminatory practices to persist undermines public trust in the healthcare system.

MOTION FOR PRELIMINARY INJUNCTION TO REMOVE NO-TRESPASS ORDER - 2

## PRAYER OF RELIEF

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court issue a preliminary injunction as follows:

1. Order Defendants to immediately dismiss the no-trespass order against Plaintiff, thereby restoring her access to Community Health Centers of Burlington facilities and services.

2. Enjoin Defendants from engaging in further discriminatory or retaliatory conduct against Plaintiff.

3. Grant any additional relief that this Court deems just, equitable, and proper.

Dated this fifteenth day of January 2025.

January 21, 2025

_____
KEREN SITA

MOTION FOR PRELIMINARY INJUNCTION TO REMOVE NO-TRESPASS ORDER - 3